# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| OLUSOLA KUPONIYI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 5:18-cv-00794-MHH-TMP |
| JONATHAN SALLIS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on January 23, 2019, recommending that this § 1983 excessive force and false arrest action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 10). The magistrate judge advised the plaintiff of his right to file specific written objections within 14 days. (*Id.*). On February 13, 2019, the plaintiff moved to stay this matter upon disposition of his § 2254 habeas case, which is also pending before the court. (Doc. 11).[1] For the following reasons, the Court will deny the plaintiff's motion to stay and dismiss this action.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must

---

[1] *See Kuponiyi v. Strickland*, Case No. 5:17-cv-01755-ACA-TMP.

"make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

The plaintiff has not objected to the magistrate judge's conclusion that the Huntsville Police Department is not a legal entity subject to suit under 42 U.S.C. § 1983. (Doc. 10 at 7). Neither has the plaintiff objected to the magistrate judge's determination that the statute of limitations bars the plaintiff's Fourth Amendment excessive force and false arrest claims. (Doc. 10 at 7-10). The magistrate judge concluded that the plaintiff's claim that he is innocent of the state criminal charges and that he was wrongfully convicted is not cognizable under § 1983 and should be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), because the plaintiff has not shown that his conviction or sentence has been invalidated. (Doc. 10 at 9-11). The magistrate judge noted the plaintiff has a pending habeas action before the

court. (*Id*. at 11, n.8). The plaintiff does not challenge any of these findings. The Court finds no error in these findings.

It appears the plaintiff seeks to stay this § 1983 action based on the possibility his conviction could be invalidated through his pending habeas case. (Doc. 11 at 1). Courts have recognized that if a § 1983 action is barred under *Heck*, rather than a stay, dismissal is appropriate. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (district court erred when it stayed an inmate's claims barred under *Heck* because "a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed"); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (stay was unwarranted under *Heck* because § 1983 damages claims will not accrue until the plaintiff's conviction or sentence has been invalidated and therefore the statute of limitations will not run on § 1983 damages claims while the plaintiff exhausts state remedies). Accordingly, the Court denies the plaintiff's motion to stay this action.

Accordingly, the Court adopts the magistrate judge's report and accepts his recommendation. In accordance with 28 U.S.C. § 1915A(b)(1), by separate order, the Court will dismiss this action without prejudice for failing to state a claim upon which relief can be granted.

**DONE** this 26th day of April, 2019.

/s/ Madeline H. Haikala
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE